IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HERFF JONES, INC., an Indiana corporation,  )
                                            )
                   Plaintiff,               )
                                            )
v.                                          )   Case No. CIV-06-709-M
                                            )
OKLAHOMA GRADUATE SERVICES, INC., an        )
Oklahoma Corporation, *et al.*,             )
                                            )
                   Defendants.              )

## ORDER

Before the Court are "Defendant Richard L. Blackstock's Motion to Quash Subpoena and for Protective Order" [docket no. 71], filed April 12, 2007, and "Defendant Richard L. Blackstock's Supplemental Motion to Quash and for Protective Order" [docket no. 74], filed April 20, 2007. On May 7, 2007 Plaintiff filed its response; on June 11, 2007, Defendant Richard L. Blackstock filed his reply, and on July 6, 2007, Plaintiff filed a surreply. Also before the Court are "Defendants Oklahoma Graduate Services, Inc., William R. Lierman, Sr., William R. Lierman, Jr. and Kay Lierman's [the "OGS Defendants"] Motion to Quash Subpoena and Motion for Protective Order" [docket no. 72] and "Defendant Robert Arthur McCabe's Motion to Quash Subpoena and Motion for Protective Order" [docket no. 73], filed April 13, 2007, and April 19, 2007, respectively. On May 7, 2007, Plaintiff filed its responses. These matters have been fully briefed and are now ripe for adjudication.

I.   INTRODUCTION

Plaintiff is in the business of selling scholastic products including among other things class rings, fine papers, caps and gowns, yearbooks and senior jewelry. Plaintiff's customers include public and private schools, colleges, and individual students. Plaintiff markets its products through

independent sales representatives.

Defendant William "Dick" Lierman, Sr. ("Lierman, Sr.") sold Plaintiff's products as a sales representative from July of 1990 to April of 2006 pursuant to a Sales Representative Agreement. In April of 2006, Lierman, Sr. incorporated Defendant Oklahoma Graduate Services ("OGS") and continued to sell Plaintiff's products pursuant to a Corporate Sales Agreement having substantially the same terms as the Sales Representative Agreement which was terminated.[1]  Defendant Kay Lierman is a consenting shareholder of OGS.

Defendant Richard Blackstock ("Blackstock") sold Plaintiff's products pursuant to a Sales Representative Agreement from 1990 to 2006.  Blackstock retired from the sale of scholastic products, but he continued to represent Plaintiff as a sales representative through September, 2006. Defendant Robert McCabe ("McCabe") has sold Plaintiff's products pursuant to an Associate Sales Representative Agreement in association with Lierman, Sr. and/or OGS since August of 1990. Defendant William Rick Lierman, Jr. ("Lierman, Jr.") has also been an associate sales representative employed by Lierman, Sr. and/or OGS since August 24, 1995 pursuant to an Associate Sales Representative Agreement.

Plaintiff asserts that Defendants began competing with Plaintiff while they were still associated with Plaintiff as sales representatives, that Lierman, Sr. and McCabe denied they were planning to leave Plaintiff and join Plaintiff's competitor, Jostens, and that Lierman, Sr. and Blackstock misrepresented their reasons for terminating their sales agreements[2].  Further, Plaintiff

---

[1] Apparently Lierman, Sr. gave notice terminating his Sales Agreement in mid-June of 2006.

[2] According to Plaintiff, Lierman, Sr. said he was closing OGS and retiring, and Blackstock claimed he was getting out of the business of selling scholastic products.

asserts that Blackstock sold his business to McCabe in violation of his sales agreement which provides Plaintiff with the first right and option to purchase the business.

Additionally, Plaintiff asserts that McCabe and Lierman, Sr. are in direct competition with Plaintiff for the same customers, that Lierman, Sr. tried to cancel orders for announcements submitted by him during the previous school year, and that customers have cancelled meetings scheduled to allow Plaintiff's representatives to meet with upperclassmen and to take orders for class rings and other senior products.  Finally, Plaintiff asserts the all Defendants continue to call on Plaintiff's customers using Plaintiff's confidential customer list.

III.   DISCUSSION

Federal Rule of Civil Procedure 26(c) provides, in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1)   that the disclosure or discovery not be had; . . . .

Fed. R. Civ. P. 26(c)(1).

The party seeking to quash a subpoena or seeking a protective order bears the burden of showing good cause for it.  *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996).  "'Good cause' within the meaning of Rule 26(c) contemplates a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"  *Am. Benefit Life Ins. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978) (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).  Further, Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent

part:

> **In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

    A.    <u>Blackstock's Motion</u>

Plaintiff served AT&T Wireless National ("AT&T"), Southwestern Bell Telephone Company ("SBC") and Cox Communications ("Cox") with subpoenas. The AT&T subpoena seeks the following information for the period August 1, 2005, through the present date:

1. Subscriber applications and wireless service agreements for account initiation.
2. Local and long distance telephone call connection records for both incoming and outgoing calls.
3. Records indicating GPS location of cellular phone at the time of each incoming and outgoing telephone call.
4. Records indicating contents of all incoming and outgoing text messages.[3]
5. Documents indicating telephone or instrument numbers or other subscriber numbers or identities including, but not limited to, ESN/SIM numbers and MSN/IMEI numbers.
6. Billing Records
7. Documents or records reflecting the dates, means and sources of payment for such subscriber account (including any credit card or bank account numbers)
8. Records containing all of the above-requested information, numbers 1 through 6, regarding any other cellular telephone account held by the above-named subscriber.

---

[3] As a preliminary matter, the Court would note that Plaintiff has withdrawn its request for text messages. As such, the Court finds that Blackstock's request is moot as to this request.

Exhibit 32 attached to Plaintiff's Response to Blackstock's Motion. The SBC subpoena seeks the following information for the same time period:

1. Subscriber applications and service agreements for account initiation.
2. Local and long distance telephone call connection records for both incoming and outgoing calls.
3. Billing Records
4. Documents or records reflecting the dates, means and sources of payment for each subscriber account (including any credit card or bank account number)
5. Records containing all of the above-requested information, numbers 1 through 6 [sic], regarding any other telephone account held by the above-named subscriber.

Exhibit 33 attached to Plaintiff's Response to Blackstock's Motion. Finally, the Cox subpoena seeks "any and all documents relating to internet services provided, related IP addresses, and assigned e-mail addresses pertaining thereto for the period beginning on January 1, 2004, until April 1, 2007, for [Blackstock]." Exhibit 34 attached to Plaintiff's Response.

Blackstock moves the Court for an order quashing these subpoenas and for a protective order prohibiting Plaintiff from seeking further disclosure or discovery of the information sought.[4] Blackstock asserts that the subpoenas seek information that is not relevant to any of Plaintiff's claims and that they are, therefore, overly broad. Blackstock also asserts that the subpoenas seek

---

[4]Generally, a party to a lawsuit has no standing to seek to quash a subpoena issued to a non-party. *Johnson v. Gmeinder*, 191 F.R.D. 638, 640 n.2 (D. Kan. 2000); *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997); *see also Brown v. Braddick et al.*, 595 F.2d 961 (5th Cir. 1979); 9A C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2459 (2d ed. 1994). Courts, however, have recognized an exception to this general rule when the party seeking to challenge the subpoena has a personal right or privilege in the subject matter requested in the subpoena. *Langford v. Chrylser Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975); *Johnson*, 191 F.R.D. at 640 n.2; *Windsor*, 175 F.R.D. at 668; *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995). Having reviewed the subpoenas in question, the Court finds that they clearly seek information in which Defendants have a personal right. As such, the Court finds that, although the subpoenas are directed to non-parties, Defendants have standing to seek to quash the subpoenas.

information that is privileged.  Plaintiff contends, *inter alia*, that the information sought is relevant to its breach of contract claims because it will identify domain names and email addresses that Blackstock maintained and that may be related to Jostens.  Specifically, Plaintiff asserts that the information sought is relevant to its claim that Blackstock ceased using his best efforts for Plaintiff and instead worked for Jostens to Plaintiff's detriment.

Having carefully reviewed the parties' submissions, and in light of the claims made in the instant action, the Court finds that Blackstock's motion should be granted.  Specifically, the Court finds that parts 1, 3, 6 and 7 of the AT&T subpoena and parts 1, 3 and 4 of the SBC subpoena are not relevant to any claim or defense in this action and that, as such, the subpoenas should be quashed and that a protective order should be entered prohibiting Plaintiff from seeking further disclosure or discovery with respect thereto.  As to parts 2, 5 and 8 of the AT&T subpoena, parts 2 and 5 of the SBC subpoena and the Cox subpoena in its entirety, the Court finds that, although they satisfy the broad relevancy standard, the requests are overly broad.  As such the Court finds that Blackstock's motion to quash should be granted with respect thereto.

  B.  The OGS Defendants' Motion

Plaintiff served AT&T, Alltel Corporation ("Alltel") and Cox with subpoenas.  The AT&T and Alltel subpoenas seek the following information for the period April 1, 2006, through the present date:

1. Subscriber applications and wireless service agreements for account initiation.
2. Local and long distance telephone call connection records for both incoming and outgoing calls.
3. Records indicating GPS location of cellular phone at the time of each incoming and outgoing telephone call.

4. Records indicating contents of all incoming and outgoing text messages.[5]
5. Documents indicating telephone or instrument numbers or other subscriber numbers or identities including, but not limited to, ESN/SIM numbers and MSN/IMEI numbers.
6. Billing Records
7. Documents or records reflecting the dates, means and sources of payment for such subscriber account (including any credit card or bank account numbers)
8. Records containing all of the above-requested information, numbers 1 through 6, regarding any other cellular telephone account held by the above-named subscriber.

Exhibits 25 and 26 attached to Plaintiff's Response to the OGS Defendants' Motion. The Cox subpoena seeks "any and all documents relating to internet services provided, related IP addresses, and assigned e-mail addresses pertaining thereto for the period beginning on January 1, 2004, until April 1, 2007, for [Oklahoma Graduate Services, Inc.]." Exhibit 28 attached to Plaintiff's Response.

The OGS Defendants move the Court for an order quashing these subpoenas and for a protective order prohibiting Plaintiff from seeking further disclosure or discovery of the information sought.[6] The OGS Defendants assert that the subpoenas seek information that is not relevant to any of Plaintiff's claims and that they are, therefore, overly broad. The OGS Defendants also assert that the subpoenas seek information that is privileged. Plaintiff contends, *inter alia*, that the information sought is relevant to its breach of contract claims because it will identify domain names and email addresses that the OGS Defendants maintained and that may be related to Jostens. Specifically, Plaintiff asserts that the information sought is relevant to its claim that the OGS Defendants ceased using their best efforts for Plaintiff and instead worked for Jostens to Plaintiff's detriment.

---

[5]As a preliminary matter, the Court would note that Plaintiff has withdrawn its request for text messages. As such, the Court finds that the OGS Defendants' request is moot as to this request.

[6]*See supra* note 4.

Having carefully reviewed the parties' submissions, and in light of the claims made in the instant action, the Court finds that the OGS Defendants' motion should be granted. Specifically, the Court finds that parts 1, 3, 6 and 7 of the AT&T and Alltel subpoenas seek information that is not relevant to any claim or defense in this action and that, as such, the subpoenas should be quashed and that a protective order should be entered prohibiting Plaintiff from seeking further disclosure or discovery with respect thereto. As to parts 2, 5 and 8 of the AT&T and Alltel subpoenas and the Cox subpoena in its entirety, the Court finds that, although they satisfy the broad relevancy standard, the requests are overly broad. As such the Court finds that the OGS Defendants' motion to quash should be granted with respect thereto.

### C. McCabe's Motion

Except for the fact that the AT&T and Alltel subpoenas issued with respect to McCabe seek information for the period August 1, 2005, through the present, McCabe's motion is identical in all relevant respects to the OGS Defendants' motion. Accordingly, for the reasons set forth in section B *supra*, the Court finds that McCabe's motion should be granted. Specifically, the Court finds that parts 1, 3, 6 and 7 of the AT&T and Alltel subpoenas seek information that is not relevant to any claim or defense in this action and that, as such, the subpoenas should be quashed and that a protective order should be entered prohibiting Plaintiff from seeking further disclosure or discovery with respect thereto. As to parts 2, 5 and 8 of the AT&T and Alltel subpoenas and the Cox subpoena in its entirety, the Court finds that, although they satisfy the broad relevancy standard, the requests are overly broad. As such the Court finds that McCabe's motion to quash should be granted with respect thereto.

### IV. CONCLUSION

For the reasons set forth in detail above, the Court hereby GRANTS "Defendant Richard L. Blackstock's Motion to Quash Subpoena and for Protective Order" [docket no. 71], "Defendant Richard L. Blackstock's Supplemental Motion to Quash and for Protective Order" [docket no. 74], "Defendants Oklahoma Graduate Services, Inc., William R. Lierman, Sr., William R. Lierman, Jr. and Kay Lierman's Motion to Quash Subpoena and Motion for Protective Order" [docket no. 72], and "Defendant Robert Arthur McCabe's Motion to Quash Subpoena and Motion for Protective Order" [docket no. 73]. Additionally, the Court hereby QUASHES the subpoenas at issue and PROHIBITS Plaintiff from seeking further disclosure or discovery in accordance with this Order.

**IT IS SO ORDERED this 15th day of August, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE